### MILLER, Alien Property Custodian, v. CAMP et al.

(District Court, S. D. Florida.   April 12, 1922.)

No. 1450.

1. War ⊜12—Order requiring property conveyed to Alien Property Custodian not a judgment.

An order requiring property to be turned over to the Alien Property Custodian is not a judgment which renders res judicata any question which may be raised in a suit brought under Trading with the Enemy Act Oct. 6, 1917, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e).

2. War ⊜33—Right of Alien Property Custodian to hold property not affected by peace resolution.

The joint resolution of July 2, 1921, terminating the war with Germany and Austria-Hungary, did not affect the right of the Alien Property Custodian to take and hold property.

At Law. Action by Thomas W. Miller, Alien Property Custodian, against Clarence Camp and Jack Camp. On petition by defendants to vacate order. Denied.

Damon G. Yerkes, Sp. Asst. U. S. Atty., of Jacksonville, Fla., and Dean Hill Stanley, Sp. Asst. Atty. Gen., for petitioner.

Anderson & Anderson, of Ocala, Fla., for respondents.

CALL, District Judge. On November 18, 1921, this court entered an order, on the petition of the Alien Property Custodian making the rule nisi theretofore issued absolute, and ordering and adjudging that said Alien Property Custodian, as such, have and recover from the respondents a certain amount of money. On November 26th respondents filed their petition to vacate and set aside the order and judgment

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

entered on the 18th. It being impossible for the court to fix a day for hearing said petition before the commencement of the December term of court, an order was made continuing said matter to such day as it could be heard, in order that no right of respondents should be jeopardized. The matter now comes on for a hearing upon briefs filed by the parties.

There are three principal points urged by the respondents in their petition to vacate the order and judgment. They maintain that the court erred in making the rule nisi absolute. The questions raised by this contention I fully considered on the argument of the matter, and before the order of November 18th was entered, and am now of the same opinion as when the order was made.

[1] They next take exception to the form of the judgment or order requiring them to pay over to the Alien Property Custodian the face of the promissory note and interest from date of demand. It is urged in support of this contention that respondents would be estopped from urging their contention that, while the note specified "dollars," the parties agreed that it should be paid in "marks," in any proceeding which might be brought by them under section 9 of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e). This contention is refuted by the record in the case, showing the proceeding in which the order or judgment was entered. In my view, the portion of the order complained of in this behalf is no more than an order requiring the respondents to pay the sum to the Custodian. It is true the words "have and recover" are used in the order, but the use of those words, instead of the words "pay to" such Custodian, do not work an estoppel, or make the question of the kind of currency with which the note was to be paid res judicata, when the right to litigate that and other questions is reserved by section 9 of the act. The method by which the question sought to be raised in respondent's return to the rule is pointed out in the act.

[2] The other contention of respondents is that by the Act of Congress of July 2, 1921 (42 Stat. 105), and the presidential proclamation of November 14, 1921, the right of the Alien Property Custodian to demand and receive the money demanded in his petition had ceased, and after peace between the two countries was proclaimed his right to receive and hold such property terminated. It seems to me that a careful reading of the Act of July 2, 1921, settles this contention. The possession of all enemy-owned property is retained; and this right of possession of such property is recognized by the treaty of the two nations.

The petition to vacate the order and judgment of November 18, 1921, will be denied.